Form B1, p.1 (01/08)    Blumberg Excelsior, Inc., Publisher, NYC 10013

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| Massachusetts District of Massachusetts | |

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Hoorneman, Evan R.** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Mollie M. Hoorneman** |
| All Other Names used by the debtor in the last 8 years (include maiden and trade names): | All Other Names used by the joint debtor in the last 8 years (include maiden and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **7102** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **1969** |
| Street Address of Debtor (No. & Street, City and State): **9 Highland Ave.** **S. Harwich MA** ZIP CODE **02661** | Street Address of Joint Debtor (No. & Street, City and State): **9 Highland Ave.** **S. Harwich MA** ZIP CODE **02661** |
| County of Residence or of the Principal Place of Business: **Barnstable** | County of Residence or of the Principal Place of Business: **Barnstable** |
| Mailing Address of Debtor (if different from street address): **PO Box 185** **South Harwich, MA  02661-0185** ZIP CODE | Mailing Address of Joint Debtor (if different from street address): **PO Box 185** **South Harwich, MA  02661-0185** ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor (Form of Organization)**
(Check one box)
- ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code *(the Internal Revenue Code).*

**Nature of Business**
(Check all applicable boxes)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. §101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**
(Check one box)
- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (check one box)
- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee Waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds for distribution to unsecured creditors

THIS SPACE FOR COURT USE ONLY

| Estimated number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Form B1, p.2 (01/08)**

Blumberg Excelsior, Inc., Publisher, NYC 10013

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Hoorneman, Evan R. |

| All prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: | Case Number | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made part of this petition. | /s/ Brian D. Widegren _____ 02/12/2009 Signature of Attorney for Debtor(s).          Date: |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a seperate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made part of this petition.

**Information Regarding the Debtor-Venue**
*(Check any applicable box)*

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business, or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this district.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

Name of landlord that obtained judgment:

Address of landlord:

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. & 362(1)).

Form B1, p.3 (01/08)    Blumberg Excelsior, Inc., Publisher, NYC 10013

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Hoorneman, Evan R.<br>Mollie M. Hoorneman |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.<br><br>I request relief in accordance with the chapter title 11, United States Code, specified in this petition.<br><br>X /s/ Evan E. Hoorneman<br>   Signature of Debtor<br><br>X /s/ Mollie Hoorneman<br>   Signature of Joint Debtor<br><br>   Telephone Number (If not represented by attorney)<br>          02/12/2009<br>          Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by §1515 of title 11 are attached.<br><br>☐  Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>   (Printed Name of Foreign Representative)<br><br>   02/12/2009<br>   Date |

| Signature of Attorney | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X /s/ Brian D. Widegren<br>   Signature of Attorney for Debtor(s)<br>   Printed Name of Attorney for Debtor(s)<br>Brian D. Widegren<br>   Firm Name<br>Law Office of Brian D. Widegren<br>   Address<br>72 Route 28- Suite 6<br>West Harwich, MA 02671<br>   Telephone Number<br>(508) 432-2600<br>   Date 02/12/2009<br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor as required in that section. Official Form 19B is attached.<br><br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. §110.)<br>Address |

| Signature of Debtor(Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br><br>   Printed Name of Authorized Individual<br><br>   Title of Authorized Individual<br><br>   Date 02/12/2009 | X _____<br>Date 02/12/2009<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |



B201 (12/08)

BlumbergExcelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

B201 (12/08)



**Blumberg**Excelsior, Inc., Publisher, NYC 10013

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Official

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

WARNING: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by §342(b) of the Bankruptcy Code.


Brian D. Widegren
_____
Printed name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Hoorneman, Evan R.

Mollie M. Hoorneman

X /s/ Evan E. Hoorneman
Hoorneman, Evan R.

X /s/ Mollie Hoorneman
Mollie M. Hoorneman

Form B1, Exhibit D (12/08) Page 1    **Blumberg** Excelsior, Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

Massachusetts **District of** Massachusetts

In re Hoorneman, Evan R.
    Mollie M. Hoorneman
    Debtor(s)

Case No.
    (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

Hoorneman, Evan R.

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

Form B1, Exhibit D (12/08) Page 2    **Blumberg** Excelsior, Publisher, NYC 10013

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /s/ Evan E. Hoorneman
                      Hoorneman, Evan R.

Date: 02/12/2009

Form B1, Exhibit D (12/08) Page 1    **Blumberg**Excelsior. Publisher. NYC 10013

# UNITED STATES BANKRUPTCY COURT

Massachusetts **District of** Massachusetts

In re Hoorneman, Evan R.                    Case No.
    Mollie M. Hoorneman                              (if known)
    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

Mollie M. Hoorneman

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditor's collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a seperate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[x] 1. Within the 180 days **before the filing of my bankruptcy case, I**   received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[ ] 2. Within the 180 days **before the filing of my bankruptcy case, I**   received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

Form B1, Exhibit D (12/08) Page 2   **Blumberg** Excelsior, Publisher, NYC  10013

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person. by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /s/ Mollie Hoorneman

Mollie M. Hoorneman

Date: 02/12/2009

Form B6 SUM (12/07)          Blumberg Excelsior, Inc., Publisher, NYC 10013

**UNITED STATES BANKRUPTCY COURT** Massachusetts   **DISTRICT OF** Massachusetts

In re: Hoorneman, Evan R.
       Mollie M. Hoorneman

Debtor(s)   Case No.
Chapter

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | x | 1 | 517000.00 | | |
| B - Personal Property | x | 6 | 7693.56 | | |
| C - Property Claimed as Exempt | x | 1 | | | |
| D - Creditors Holding Secured Claims | x | 1 | | 399815.71 | |
| E - Creditors Holding Unsecured Priority Claims | x | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | x | 3 | | 187,811.46 | |
| G - Executory Contracts and Unexpired Leases | x | 1 | | | |
| H - Codebtors | x | 1 | | | |
| I - Current Income of Individual Debtor(s) | x | 1 | | | 5707.94 |
| J - Current Expenditures of Individual Debtor(s) | x | 1 | | | 5529.00 |
| Total Number of Sheets of All Schedules | | 17 | | | |
| Total Assets | | | 524693.56 | | |
| Total Liabilities | | | | 587627.17 | |

Form B6, S2, (12/07)        Blumberg Excelsior, Inc., Publisher, NYC 10013

## United States Bankruptcy Court
### District Of Massachusetts

Massachusetts

In re: Hoorneman, Evan R.
         Mollie M. Hoorneman

Debtor(s)

Case No.

Chapter    7

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

### This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 509.38 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| TOTAL | $ | 509.38 |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I Line 16) | $ | 5,707.94 |
| Average Expences (from Schedule J, Line 18) | $ | 5,529.00 |
| Current Monthly Income (from Form 22A Line 12; OR Form 22B Line 11; OR, Form 22C Line 20) | $ | 4,269.11 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "Unsecured Portion, IF ANY" column | | $ | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY, IF ANY" column | $ 0.00 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 187,811.46 |
| 5. Total from non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 187,811.46 |

**The foregoing information is for statistical purposes only under 28 U.S.C § 159.**

 Form B6 A (12/07)            Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.                                Debtor(s) Case No.                    (if known)
       Mollie M. Hoorneman

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| single family dwelling 9 Highland Ave., South Harwich, MA | fee simple | J | 517,000.00 | 400,327.00 |
| | | | | |
| | | Total -> | $517,000.00 | (Report also on Summary of Schedules) |

**Form B6 B (12/07)**    BlumbergExcelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.                    Debtor(s)    Case No.                    (if known)
       Mollie M. Hoorneman

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01 Cash on hand | x | | | |
| 02 Checking savings or other financial accounts certificates of deposit or shares in banks savings and loan thrift building and loan and homestead associations or credit unions brokerage houses or cooperatives. | | Cape Cod Five Cents Savings Bank PO Box 10, Orleans, MA 02653 Checking Acct. #0877007641 | J | 375.23 |
| | | Congressional Federal Credit Union PO Box 23267 Washington, DC 20026 Checking Acct. #13896 - 5.76 Savings Acct. #15896 - $14.87 | J | 20.63 |
| 03 Security Deposits with public utilities telephone companies landlords and others. | x | | | |
| 04 Household goods and furnishings including audio video and computer equipment. | | furniture - $1010. appliances - $435. electronics & computer - 245. | J | 1,690.00 |
| 05 Books; pictures and other art objects; antiques; stamp coin record tape compact disc and other collections or collectibles. | | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total -> | 2,085.86

_____ Continuation sheets attached

 **Form B6 B (12/07)**    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Hoorneman, Evan R.                              Debtor(s)    Case No.                         (if known)
        Mollie M. Hoorneman

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | books - $300.<br>CD's - $50.<br>VCR tapes - $10.<br>pictures & decorative items - $50. | J | 410.00 |
| 06 Wearing apparel. | | clothing | J | 100.00 |
| 07 Furs and jewelry. | | costume jewelry | W | 30.00 |
| 08 Firearms and sports photographic and other hobby equipment. | | tennis racquets, croquet, old golf clubs | J | 20.00 |
| 09 Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | United of Omaha | H | 540.00 |
| 10 Annuities. Itemize and name each issuer. | x | | | |
| 11 Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1) Give particulars.(file separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   | 3,185.86 |
_____ Continuation sheets attached

Form B6 B (12/07)                    BlumbergExcelsior.Inc .Publisher.NYC 10013

In re: Hoorneman, Evan R.                          Debtor(s)    Case No.                    (If known)
       Mollie M. Hoorneman

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12 Interests in IRA ERISA Keogh or other pension or profit sharing plans. Give particulars. | | | | |
| | | Charles Schwab & Co., Inc. Contributory IRA Acct. #4469-4964 | W | 0.37 |
| | | Charles Schwab & Co., Inc. Contributory IRA Acct. #4469-4778 | H | 7.33 |
| 13 Stock and interest in incorporated and unincorporated businesses. Itemize. | x | | | |
| 14 Interest in partnerships or joint ventures. Itemize. | x | | | |
| 15 Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 16 Accounts receivable. | x | | | |
| 17 Alimony maintenance support and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 18 Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| (Include amounts from any continuation sheets attached. Report total also on Summary of Schedules) Total -> | | | | 3,193.56 |

_____ _____ Continuation sheets attached

 **Form B6 B (12/07)**                    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.                    Debtor(s)    Case No.                    (if known)
        Mollie M. Hoorneman

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19 Equitable or future interests life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | x | | | |
| 20 Contingent and non-contingent interests in estate of a decedent death benefit plan life insurance policy or trust. | x | | | |
| 21 Other contingent and unliquidated claims of every nature including tax refunds counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | x | | | |
| 22 Patents copyrights and other general intellectual property. Give particulars. | x | | | |
| 23 Licenses franchises and other general intangible. Give particulars. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total -> | 3,193.56

_____ Continuation sheets attached

Form B6 B (12/07)    BlumbergExcelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.                    Debtor(s)    Case No.                    (if known)
      Mollie M. Hoorneman

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24 Customer lists or compilations containing personally identifiable information (as defined in 11U.S.C. §101(41A)) provided by individuals connected with obtaining product or service from the debtor primarily for personal family or household purposes. | x | | | |
| 25 Automobiles trucks trailers and other vehicles and accessories. | | | | |
| | | 1998 Buick Park Av 79,500 miles | H | 3,950.00 |
| | | 1985 Chev. Caprice 238,000 miles | W | 500.00 |
| 26 Boats motors and accessories. | x | | | |
| 27 Aircraft and accessories. | x | | | |
| 28 Office equipment furnishings and supplies. | x | | | |
| 29 Machinery fixtures equipment and supplies used in business. | x | | | |
| 30 Inventory. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    7,643.56

_____ Continuation sheets attached

**Form B6 B (12/07)**                    **Blumberg** Excelsior. Inc . Publisher. NYC 10013

In re:  Hoorneman, Evan R.                    Debtor(s)    Case No.                    (if known)
       Mollie M. Hoorneman

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31 Animals. | x | | | |
| 32 Crops-growing or harvested. Give particulars. | x | | | |
| 33 Farming equipment and implements. | x | | | |
| 34 Farm supplies chemicals and feed. | x | | | |
| 35 Other personal property of any kind not already listed. Itemize. | | battery operated lawnmower and garden tools | J | 50.00 |
| | | | Total -> | 7,693.56 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)

_____ Continuation sheets attached

**Form B6 C (12/07)**    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.    Debtor(s)    Case No.    (if known)
    Mollie M. Hoorneman

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds $136,875

☐ 11 U.S.C. § 522(b)(2)

☒ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| single family dwelling 9 Highland Ave., South Harwich, MA | MGLA ch. 188 § 1 Homestead or Residential Property | 116,673.00 | 517,000.00 |
| furniture - $1010. appliances - $435. electronics & computer - 245. | MGLA ch. 235 § 34 Household furniture | 1,690.00 | 1,690.00 |
| books - $300. CD's - $50. VCR tapes - $10. pictures & decorative items - $50. | MGLA ch. 235 § 34 Household furniture | 410.00 | 410.00 |
| clothing | MGLA ch. 235 § 34 Wearing Apparel Beds & Bedding | 100.00 | 100.00 |
| 1998 Buick Park Av 79,500 miles | MGLA ch. 235 § 34 Motor Vehicle | 700.00 | 3,950.00 |

 Form B6 D (12/07)            **Blumberg**Excelsior, Inc . Publisher, NYC 10013

In re: Hoorneman, Evan R.                                    Debtor(s)  Case No.
        Mollie M. Hoorneman

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO D E B T | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C # 022318261 | | J | VALUE $   516,700.00 | 399,815.71 | | |
| Countrywide Home Loans Customer Service PO Box 5170 Simi Valley, CA  93062-517 | | | mortgage | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| | | | Subtotal -> (Total of this page) | 399,815.71 | 0.00 | |
| | | | Total -> | 399,815.71 | 0.00 | |

_____
Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

(If applicable. Report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6 E (12/07)          Blumberg Excelsior, Inc. Publisher, NYC 10013

In re: Hoorneman, Evan R.
Mollie M. Hoorneman

Debtor(s)  Case No.                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]  **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

[ ]  **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $10,950 per employee, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4)

[ ]  **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $5400 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

[ ]  **Deposits by individuals**
Claims of individuals up to a maximum of $2425 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7)

[ ]  **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in U.S.C. § 507(a)(7).

[ ]  **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

[ ]  **Commitments to Maintain the Capital of an insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(8)

[ ]  **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for deaths or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NO. (See Instructions) | CO DE BT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMT NOT ENTITLED TO PRIORITY, IF ANY | C U D • |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  | Total -> |  | Total -> |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

Continuation Sheets attached.

Subtotal -> (Total of this page)

(Use only on last page of the completed Schedule E.)
(Report total also on Summary of Schedules.)  Total ->

(Use only on last page of the completed Schedule E.)
If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.          Total ->



Form B6 F (12/07)                    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.                    Debtor(s)    Case No.                    (if known)
Mollie M. Hoorneman

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 1994<br>AES/Nellie Mae<br>PO Box 2461<br>Harrisburg, PA  17101 | X | | installment account-student loan 9/28/88 | | 509.38 |
| 41004<br>American Express<br>PO Box 981537<br>El Paso, TX  79998 | | H | credit card | | 13,919.15 |
| 31005<br>American Express<br>PO Box 981537<br>El Paso, TX  79998 | | H | credit card | | 20,826.82 |
| 2763<br>Bank of America<br>4060 Ogletown Stanton Rd.<br>DE5-019-03-07<br>Newark, DE  19713 | | H | credit card | | 2,966.25 |
| 0332<br>Bank of America<br>4060 Ogletown Stanton Rd.<br>DE5-019-03-07<br>Newark, DE  19713 | | H | credit card | | 10,242.71 |
| 3663<br>Bank of America<br>4060 Ogletown Stanton Rd.<br>DE5-019-03-07<br>Newark, DE  19713 | | H | credit card | | 16,611.35 |

X___ continuation sheets attached.

Subtotal $    65,075.66

Total $    65,075.66

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)



Form B6 F (12/07)                     Blumberg Excelsior, Inc. Publisher, NYC 10013

In re: Hoorneman, Evan R.                          Debtor(s)    Case No.              (if known)
       Mollie M. Hoorneman

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 4783<br>Bank of America<br>4060 Ogletown Stanton Rd.<br>DE5-019-03-07<br>Newark, DE 19713 | | H | line of credit | | 30,697.73 |
| 5387<br>Chase Bank USA NA<br>800 Brooksedge Blvd.<br>Westerville, OH 43081 | | H | credit card | | 9,605.34 |
| 9650<br>Chase Bank USA NA<br>800 Brooksedge Blvd.<br>Westerville, OH 43081 | | H | credit card | | 18,514.63 |
| 5185<br>Chase/Bank One Card Servi<br>800 Brooksedge Blvd.<br>Westerville, OH 43081 | | H | credit card | | 3,493.94 |
| 3328<br>Citibank UCS<br>701 East 60th St. N<br>Sioux Falls, SD 57104 | | H | credit card | | 23,914.92 |
| 3328<br>Citibank UCS<br>PO Box 44167<br>Jacksonville, FL 32231-4 | | H | credit card | | 23,914.92 |

X ___ continuation sheets attached.

Subtotal $ 110,141.48

Total $ 175,217.14

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)



Form B6 F (12/07)                    **Blumberg**Excelsior, Inc . Publisher, NYC 10013

In re: Hoorneman, Evan R.                          Debtor(s)      Case No.                    (if known)
        Mollie M. Hoorneman

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 4484/4783<br>FIA CSNA<br>4060 Ogleton Stanton Rd.<br>DE5-019-03-07<br>Newark, DE  19713 | | H | credit card | | 2,947.41 |
| 4674/8175<br>FIA CSNA<br>4060 Ogleton Stanton Rd.<br>DE5-019-03-07<br>Newark, DE  19713 | | H | credit card | | 4,067.42 |
| 6131<br>HSBC Bank<br>PO Box 5253<br>Carol Stream, IL  60197 | | H | credit card | | 4,795.31 |
| 9684<br>Wachovia /FTU<br>PO Box 3117<br>Winston Salem, NC  27102 | | H | line of credit | | 784.18 |
| | | | | | |
| | | | | | |
| | | | | | |

_____ continuation sheets attached.

|  |  | Subtotal | $ | 12,594.32 |
|---|---|---|---|---|
|  |  | Total | $ | 187,811.46 |

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
If applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

 **Form B6 G (12/07)**         **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.                                   Debtor(s)  Case No.                        (if known)
Mollie M. Hoorneman

# SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ |  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

 **Form B6 H  (12/07)**          Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:   Hoorneman, Evan R.                    Debtor(s) Case No.                    (if known)

# SCHEDULE H - CODEBTORS

☐  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Susan  Thrift<br>6351 Trout Stream Drive<br><br>Sykesville MD 21784-8555 | 1994<br>AES/Nellie Mae<br>PO Box 2461<br>Harrisburg, PA  17101 |



**Form B6 I (12/07)**

Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.            Debtor(s) Case No. _____            (if known)
Mollie M. Hoorneman

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|
| Debtor's Marital Status<br>married | RELATIONSHIP | AGE |

| Employment | DEBTOR | SPOUSE |
|---|---|---|
| Occupation   retired<br>Name of Employer | | retired |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average monthly income at time case filed)            DEBTOR            SPOUSE

1. Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.)
2. Estimate monthly overtime _____

| | DEBTOR | SPOUSE |
|---|---|---|
| 3. SUBTOTAL | 0.00 | 0.00 |

4. LESS PAYROLL DEDUCTIONS
   a. Payroll taxes and social security _____
   b. Insurance _____
   c. Union dues _____
   d. Other (Specify) _____

| | DEBTOR | SPOUSE |
|---|---|---|
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |

7. Regular income from operation of business or profession or farm
   (attach detailed statement) _____                                    100.00
8. Income from real property _____
9. Interest and dividends _____
10. Alimony, maintenance or support payments payable to the debtor for the debtor's
    use or that of dependents listed above. _____                       0.00
11. Social security or other government assistance (Specify)              846.00            615.00

12. Pension or retirement income _____                                  3739.11
13. Other monthly income (Specify)
    English Pension                                                                          219.26
    Church Pension                                                                           188.57

14. SUBTOTAL OF LINES 7 THROUGH 13

| | DEBTOR | SPOUSE |
|---|---|---|
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 4685.11 | $ 1022.83 |
| 16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals<br>from line 15; if there is only one debtor repeat total reported on line 15) | $ 5707.94 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
Evan's business income will substantially decrease in 2009 due to many health problems and independent writing projects are near completion.



**Form B6 J (12/07)**    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.                    Debtor(s)  Case No.                    (if known)
       Mollie M. Hoorneman

# SCHEDULE J – CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The monthly average income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---|
| 1. Rent or home mortgage payment  (include lot rented for mobile home) | $ | 3569.00 |
|    a. Are real estate taxes included? ☒ Yes ☐ No    b. Is property insurance included? ☒ Yes ☐ No | | |
| 2. Utilities  Electricity and Heating Fuel | | 200.00 |
|    b. Water and Sewer | | 18.00 |
|    c. Telephone | | 80.00 |
|    d. Other      cable television | | 58.00 |
| 3. Home maintenance (repairs and upkeep) | | 50.00 |
| 4. Food | | 550.00 |
| 5. Clothing | | 10.00 |
| 6. Laundry and dry cleaning | | 8.00 |
| 7. Medical and dental expenses | | 90.00 |
| 8. Transportation (not including car payments) | | 60.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | 30.00 |
| 10. Charitable contributions | | 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | | |
|    b. Life | | 295.00 |
|    c. Health | | |
|    d. Auto | | 61.00 |
|    e. Other      Umbrella Ins. Policy | | 13.00 |
|            Nursing Home Insurance | | 292.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) 2008 Income Tax owed over the amounts deducted from pension | | 125.00 |
| 13. Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | | |
|    b. Other | | |
|    c. Other | | |
| 14. Alimony, maintenance, and support paid to others | | |
| 15. Payments for support of additional dependents not living at your home | | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | |
| 17. Other | | |

| | | |
|---|---|---|
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 5529.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

   a. Average monthly income from line 15 of Schedule I

   b. Average monthly expenses from Line 18 above

   c. Monthly net income (a. minus b.)                   0.00

 Form 7 Stmt of Financial Affairs (12/07)    Blumberg Excelsior, Inc., Publisher, NYC 10013

# STATEMENT OF FINANCIAL AFFAIRS
## UNITED STATES BANKRUPTCY COURT
### Massachusetts DISTRICT OF Massachusetts

In re: Hoorneman, Evan R.
Mollie M. Hoorneman

Debtor(s)  Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. Sec, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business within the last 6 years, as defined below, also must complete Questions 19-25. If the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINATIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner other than a limited partner, of a partnership, a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

NONE
[  ]  **01 INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS**

State the gross amount of income the debtor has received from employment trade or profession or from operation of the debtor's business including part-time activities either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains or has maintained financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| 7950.00 | 2008 Business Income |
| 5704.00 | 2007 Business Income |
| 1050.00 | 2009 YTD Employment Income – Mollie |

NONE
| | 02 INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the amount of income received by the debtor other than from employment trade profession operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|--------|---------|
| 10571.00 | 2008 IRA Distribution |
| 18725. | 2008 Social Security Income |
| 55798. | 2008 Pension Income |
| 4500.00 | 2007 IRA Distribution |
| 52855.00 | 2007 Pension Income |
| 17964.00 | 2007 Social Security Income |

NONE
| | 03A PAYMENTS TO CREDITORS

List all payments on loans installment purchases of goods or services and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| AMOUNT STILL OWNING | NAME AND ADDRESS OF CREDITOR | PAYMENT DATES | AMOUNT PAID |
|---------------------|------------------------------|---------------|-------------|
| 399815.71 | Countrywide Home Loans<br>Customer Service<br>PO Box 5170<br>Simi Valley, CA  93062-5170 | 12/18/08<br>1/16/09 | 3569.86<br>3569.86 |

NONE
[X]  03B PAYMENTS TO CREDITORS

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
[X]  03C PAYMENTS TO CREDITORS

List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
[X]  04A SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
[X]  04B SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS

Describe all property that has been attached garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
[X]  05 REPOSSESSIONS FORECLOSURES AND RETURNS

List all property that has been repossessed by a creditor sold at a foreclosure sale transferred through a deed in lieu of foreclosure or returned to the seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   06A ASSIGNMENTS AND RECEIVERSHIPS

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   06B ASSIGNMENTS AND RECEIVERSHIPS

List all property which has been in the ands of a custodian receiver or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless spouses are separated and a joint petition is not filed.)

NONE
|X|   07 GIFTS

7List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   08 LOSSES

List all losses from fire theft other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|    **09 PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY**

List all payments made or property transferred by or on behalf of the debtor to any persons including attorneys for consultation concerning debt consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

NONE
|X|    **10A OTHER TRANSFERS**

List all other property other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|    **10B OTHER TRANSFERS**

List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

NONE
|X|    **11 CLOSED FINANCIAL ACCOUNTS**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking savings or other financial accounts certificates of deposit or other instruments; shares and share accounts held in banks credit unions pension funds cooperatives associations brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|    **12 SAFE DEPOSIT BOX**

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   13 SETOFFS

List all setoffs made by any creditor including a bank against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X|   14 PROPERTY HELD FOR ANOTHER PERSON

List all property owned by another person that the debtor holds or controls.

NONE
|X|   15 PRIOR ADDRESS OF DEBTOR

If debtor has moved within three years immediately preceding the commencement of this case list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed report also any separate address of either spouse.

NONE
|X|   16 SPOUSES AND FORMER SPOUSES

If the debtor resides or resided in a community property state commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NONE
|X|   17A ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice and if known the Environmental Law:



**NONE** |X|   **17B ENVIRONMENTAL INFORMATION**

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

**NONE** |X|   **17C ENVIRONMENTAL INFORMATION**

List all judicial or administrative proceedings including settlements or orders under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding and the docket number.

**NONE**

 |X|   **18A NATURE LOCATION AND NAME OF BUSINESS**

If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor or was self-employed in a trade, profession or other activity either full-or part-time within six years immediately preceding the commencement of this case or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case. List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all business in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

**NONE** |X|   **18B NATURE LOCATION AND NAME OF BUSINESS**

Identify any business listed in response to subdivision a. ,above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.

Form B8 (12/08)    BlumbergExcelsior, Inc., Publisher, NYC 10013

**UNITED STATES BANKRUPTCY COURT**    Massachusetts **DISTRICT OF** Massachusetts

In re: Hoorneman, Evan R.    Debtor(s)    Case No.
Mollie M. Hoorneman    Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☒ I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.
☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.
☐ I intend to do the following with respect to the property of the estate which secures those consumer debts or is subject to a lease:

| Description of Secured Property | Creditor's name | Property will be surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|---|
| 9 Highland Ave, S. Harwich | Countrywide Home Loans | | X | | | |

| Description of Leased Property | Lessor's name | Lease will be assumed pursuant to 11 U.S.C. 362(h)(1)(A) | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

02/12/2009    /s/ Evan E. Hoorneman    /s/ Mollie Hoorneman
Date:    Signature of Debtor    Signature of Co-Debtor

-----------------------------------------------------------------------

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY
## PETITION PREPARER (See U.S.C. §110.)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Print or Type Name and Title, if any, of Bankruptcy Petition Preparer    Social Security No. (Required by 11 U.S.C. §110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer.*

Address:

X _____    02/12/2009
    Signature of Bankruptcy Petition Preparer    Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110;**



Blumberg Excelsior, Inc., Publisher, NYC 10013

3005W Stmt of Comp.t
Rule 2016(b) (12-99)

# UNITED STATES BANKRUPTCY COURT Massachusett DISTRICT OF Massachusett

In
re:  Hoorneman, Evan R.
     Mollie M. Hoorneman                  Debtor(s)  Case No.                  (if known)

## STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this Case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a) for legal services rendered or to be rendered in contemplation of and in connection
       with this case                                                    $          1000.00
    (b) prior to filing this statement, debtor(s) have paid          $
    (c) the unpaid balance due and payable is                        $          1000.00

(3) $ 299.00                      of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:

    (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
       petition under title 11 of the United States Code
    (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court
    (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
performed and
nothing else.

(6) The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
earnings, wages and compensation for services performed, and
not applicable

(7) The undersigned has received no transfer, assignment or pledge of property except the following for the value stated.
none

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
any compensation paid or to be paid except as follows
not applicable

Dated:                          Respectfully submitted,                    Attorney for Petitioner
2/12/2009                       /s/ Brian D. Widegren                      Brian D. Widegren
Attorney's name and address
72 Route 28, Suite #6, W. Harwich, MA 02671


3092 - Verification of Creditor Matrix, 12/95  **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

Massachusetts **DISTRICT OF** Massachusetts

In re: Hoorneman, Evan R.
      Mollie M. Hoorneman

                    Debtor(s)

Case No.

Chapter    7

# VERIFICATION OF CREDITOR MATRIX

    The above-named debtor(s) hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Dated:  2/12/09

Debtor  /s/ Evan E. Hoorneman
       Hoorneman, Evan R.

Debtor  /s/ Mollie Hoorneman
       Mollie M. Hoorneman

Unsworn Declaration SFA   (10/06)   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.
    Mollie M. Hoorneman              Debtor(s) Case No.        (If known)

## DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

### DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 2/13/09            Signature /s/ Evan E. Hoorneman
                                       Hoorneman, Evan R.

Date                    Signature /s/ Mollie Hoorneman
                                       Mollie M. Hoorneman
                    (If joint case, both spouses must sign.)

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

Printed or Typed Name of Bankruptcy Petition Preparer      Social Security Number
                                             (Required by U.S.C.§110(c)).

Address

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____     _____
  Signature of Bankruptcy Petition Preparer         Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the                          (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the                    (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs, consisting of      sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Continuation sheets attached

Date 02/12/2009             Signature_____

                                   (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporatoin must indicate position or relationship to debtor.)

### PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY
Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. §152 and 3571.


Form B6 Cont. (12-07)    BlumbergExcelsior, Inc., Publisher, NYC 10013

In re: Hoorneman, Evan R.
Mollie M. Hoorneman

Debtor(s)   Case No.                    (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___18___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.  *(Total shown on summary page plus 2.)*

Date 2/12/09                        Signature /s/ Evan E. Hoorneman
                                               Hoorneman, Evan R.            Debtor
Date 2/12/09                        Signature /s/ Mollie Hoorneman
                                               Mollie M. Hoorneman         (Joint Debtor, if any)
                                   *(If joint case, both spouses must sign.)*

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See U.S.C. §110.)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Print or Type Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. §110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*
Address:

X _____                    _____
  Signature of Bankruptcy Petition Preparer                 Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.**

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___18___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
**[Total shown on summary page plus 1.]**

Date _____                Signature _____

                                         (Print or type name of individual signing on behalf of debtor.)

*(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B6 Cover (Form 6 Cover) (12/07)     Blumberg Excelsior, Inc., Publisher, NYC 10013

## FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Property Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I  -  Current Income of Individual Debtor(s)
Schedule J -  Current Expenditures of Individual Debtor(s)

Unsworn Declaration Under Penalty of Purjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of
any amendments thereto must contain a caption as in Form 16B.  Subsequent pages should be
identified with the debtor's name and case number.  If the schedules are filed with the petition,
the case number should be left blank.

Schedules D, E, and F have been designated for the listing of each claim only once.  Even
when a claim is secured only in part or entitled to priority only in part, it still should be listed
only once.
A claim which is secured in whole or in part should be listed on Schedule D only, and a claim
which is entitled to priority in whole or in part should be listed on Schedule E only.  Do not
list the same claim twice.  If a creditor has more than one claim, such as claims arising from
seperate transactions, each claim should be scheduled separtely.

Review the specific instructions for each schedule before completing the schedule.

Form B22A (Chapter 7) (12/08)    BlumbergExcelsior, Inc., Publisher, NYC 10013

| According to the calculations required by this statement: |
| ☐ **The presumption arises.** |
| ☒ **The presumption does not arise.** |
| (Check the box as directed in parts I, III, and VI of this statement.) |

In re: Hoorneman, Evan R.
    Mollie M. Hoorneman

                   Debtor(s)   Case Number: _____
                                                    (If known)

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| Part I.  EXCLUSION FOR DISABLED VETERANS |
|---|

| | |
|---|---|
| 1A | **Disabled Veterans.**  If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the "Presumption does not arise" box at the top of this statement, and (3) complete the verification in Part VIII.  Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.**  By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. §3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. §101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.**  If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII.  Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts. By checking this box, I declare that my debts are not primarily consumer debts.** |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**  Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. §901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII.    During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.<br><br>☐ **Declaration of Reservists and National Guard Members. By checking this box** and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed<br><br>    **a.** ☐ **I was called to active duty after September 11, 2001, for a period of at least 90 days and**<br>           ☐ **I remain on active duty /or/**<br>           ☐ **I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;**<br><br>        **OR**<br><br>    **b.** ☐ **I am performing homeland defense activity for a period of at least 90 days /or/**<br>    ☐ **I performed homeland defense activity for a period of at least 90 days, terminating on**<br><br>    **_____, which is less than 540 days before this bankruptcy case was filed.** |

 **Form B22A (Chapter 7) (12/08)**    Blumberg Excelsior, Inc., Publisher, NYC 10013

## Part II. CALCULATION OF MONTHLY INCOME FOR §707(B)(7) EXCLUSION

| | | |
|---|---|---|
| | **Marital / filing status.**    Check the box that applies and complete the balance of this part of this statement as directed. | |

**2**

a. ☐ **Unmarried.** Complete only Column A ("Debtor's Income") for Lines 3-11.

b. ☐ **Married, not filing jointly, with declaration of separate households.** By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of §707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**

c. ☐ **Married, not filing jointly, without the declaration of separate households set out in Line 2.b above.   Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11**

d. ☒ **Married, filing jointly.   Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | | |
| **3** | Gross wages, salary, tips, bonuses, overtime, commissions. | $ 0.00 | $ 0.00 |

**4**

Income from the operation of a business, profession, or farm.  Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero.   **Do not include any part of the business entered on Line b as a deduction in Part V.**

| | | | | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $ | 100.00 | 0.00 | |
| b. | Ordinary and necessary business expenses | $ | 0.00 | 0.00 | |
| c. | Business income | Subtract Line b from Line a | | | |

| | | |
|---|---|---|
| | $ 100.00 | $ 0.00 |

**5**

Rent and other real property income.  Subtract Line b from Line a and enter the difference on Line 5. Do not enter a number less than zero.   **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**

| | | | | |
|---|---|---|---|---|
| a. | Gross receipts | $ | 0.00 | 0.00 |
| b. | Ordinary and necessary business expenses | $ | 0.00 | 0.00 |
| c. | Business income | Subtract Line b from Line a | | |

| | | |
|---|---|---|
| | $ 0.00 | $ 0.00 |

| | | | |
|---|---|---|---|
| **6** | Interest, dividends, and royalties. | $ 0.00 | $ 0.00 |
| **7** | Pension and retirement income. | $ 3,739.11 | $ 430.00 |
| **8** | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support.   Do not include amounts paid by the debtor's spouse if Column B is completed. | $ 0.00 | $ 0.00 |

 **Form B22A (Chapter 7) (12/08)** BlumbergExcelsior,Inc.,Publisher,NYC 10013

| 9 | **Unemployment compensation.** Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00   Spouse $ 0.00 | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. <br><br> Total and enter on Line 10 | $ 0.00 | $ 0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 3,839.11 | $ 430.00 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 4,269.11 | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 51,229.32 |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.aov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: Massachusetts    a. Enter debtor's household size: 2 | $ 63,980.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br><br> [X] The amount on Line 13 is less than or equal to the amount on Line 14. Check the box for "The Presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII. <br><br> [ ] The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ NA |
|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT regularly contributed to the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ NA |
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | $ NA |

 Form B22A (Chapter 7) (12/08)   Blumberg Excelsior, Inc., Publisher, NYC 10013

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | | |
|---|---|---|---|
| 19A | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.aov/ust/ or from the clerk of the bankruptcy court.) | $ | NA |

| | |
|---|---|
| 19B | **National Standars: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available a www.usdoj.gov/ust or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of ob age and enter in Line b2 the number of members of your household who are 65 years of age or older. ( The total number of household memebers must be the same as the number stated in line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household membersunder, and enter the results in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household memebers 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter |

| Household members under 65 years of age | | | Household members 65 years of age or older | | | | |
|---|---|---|---|---|---|---|---|
| a1. | Allowance per member | 57 | a2. | Allowance per member | 0 | | |
| b1. | Number of members | 0 | b2. | Number of members | 0 | | |
| c1. | Subtotal | 0 | c2. | Subtotal | 0 | $ | NA |

| | | | |
|---|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ | NA |

| | |
|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do no enter an amount less than zero.** |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | 1,003.00 | | |
|---|---|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | 0.00 | | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | | $ | NA |

| | | | |
|---|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** if you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ | NA |

 **Form B22A (Chapter 7) (12/08)**   Blumberg**Excelsior**,Inc.,Publisher,NYC 10013

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ☐ 1   ☒ 2 or more<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $        NA |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Plublic transportation" amount from the IRS Local Stadnards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $        NA |

| | | | |
|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☒ 2 or more<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | $        NA |
| | a. | IRS Transportation Standards, Ownership Costs, First Car | $        0.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $        0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | |

| | | | |
|---|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line a from Line a and enter the result in Line 24. Do not enter an amount less than zero. | | $        NA |
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $        478.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $        0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $        NA |
| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do no include discretionary amounts, such as non-mandatory 401(k) contributions.** | $        NA |

| | | |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself.   **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $        NA |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.   **Do not include payments on past due support obligations included in Line 44.** | $        NA |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar sevices is available. | $        NA |

 Form B22A (Chapter 7) (12/08)    Blumberg Excelsior, Inc . Publisher, NYC 10013

| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | NA |
|----|------|------|------|
| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance listed in Line 34.** | $ | NA |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller id, special long distance or internet service-to the extent  necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | $ | NA |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ | NA |

## Subpart B: Additional Expense Deductions under § 707(b)
## Note: Do not include any expenses that you have listed in Lines 19-32

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories. | | |
|----|------|------|------|
|  | a. | Health Insurance | $ | 584.00 | | |
|  | b. | Disability Insurance | $ | 0.00 | | |
|  | c. | Health Savings Account | $ | 0.00 | | |
|  | | | Total: Add lines a, b and c | | $ | NA |
| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ | NA |
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | NA |
| 37 | **Home energy costs.** Enter the average monthly amount, in excess of the allowance specified by the IRS Local Standards for Housing and Utilities, that you actualy expend for home energy costs. **You must provide your case Trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ | NA |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | NA |
| 39 | **Additional food and clothing expenses.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is and necessary.** | $ | NA |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. §170(c)(1)-(2). | $ | NA |
| 41 | **Total Additional Expense Deductions under §707(b).** Enter the total of Lines 34 through 40 | $ | NA |

## Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankrupcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | | |
|----|------|------|------|
|  | a. | | $ | 3,569.00 | Y | | $ | NA |

 Form B22A (Chapter 7) (12/08)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

| 43 | **Other payments on secured claims.** If any of the debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deductions 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a seperate page. | $ | NA |
|---|---|---|---|

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claimes, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcyfiling. Do not include current obligations, such as those set out in Line 28. | $ | NA |
|---|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chpater 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense.

| a. | Projected average monthly Chapter 13 plan payment. | $ | 0 . 00 |
|---|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usjoj.gov/ust/ or from the clerk of the bankruptcy court.) | X | 0 . 00 |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | |
| $ | NA |
|---|---|---|---|

| 46 | **Total Deductions For Debt Payment.** Enter the total of Lines 42 through 45. | $ | NA |
|---|---|---|---|

## Subpart D: Total Deductions Allowed under §707(b)(2)

| 47 | Total of all deductions allowed under §707(b)(2).    Enter the total of Lines 33, 41, and 46. | $ | NA |
|---|---|---|---|

## Part VI. DETERMINATION OF §707(b)(2) PRESUMPTION

| 48 | Enter the amount from Line 18 (Current monthly Income for §707(b)(2)) | $ | NA |
|---|---|---|---|
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under §707(b)(2)) | $ | NA |
| 50 | Monthly disposable income under §707(b)(2). Subtract Line 49 from Line 48 and enter the result | $ | NA |
| 51 | 60-month disposable income under §707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | $ | NA |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.

☐ **The amount on Line 51 is less than $6,575** Check the box for "The presumption does not arise" at the top of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.

☐ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.

☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|

| 53 | Enter the amount of your total non-priority unsecured debt | $ | NA |
|---|---|---|---|
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ | NA |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.

☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The Presumption does not arise" at the top of this statement, and complete the verification in Part VIII.

☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The Presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |
|---|---|

 **Form B22A (Chapter 7) (12/08)**      **Blumberg** Excelsior, Inc., Publisher, NYC 10013

| | **Part VII: ADDITIONAL EXPENSE CLAIMS** | |
|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under §707 (b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item. Total the expenses. | $          0.00 |

| | **Part VIII: VERIFICATION** | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  (If this a joint case, both debtors must sign.) | |
| | Date: 02/12/2009      Signature: /s/ Evan E. Hoorneman | |
| | (Debtor) | |
| | Date: 02/12/2009      Signature: /s/ Mollie Hoorneman | |
| | (Joint Debtor, if any) | |